# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CAPE COD HOSPITAL,

        Plaintiff,

    v.

1199SEIU UNITED HEALTHCARE
WORKERS EAST,

        Defendant.

**Civil Action No. 11-11431**

## ANSWER AND COUNTER-CLAIM OF
## 1199SEIU UNITED HEALTHCARE WORKERS EAST

### INTRODUCTION

This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph 1199SEIU United Healthcare Workers East ("the Union") denies all such allegations.

### THE PARTIES

1.    Admitted.

2.    Admitted.

### JURISDICTION

3.    Admitted.

### ALLEGATIONS OF FACT

4.    Admitted.

5.     The collective bargaining agreement speaks for itself.  Admitted that this language is in the agreement.

6.     Admitted that a grievance was filed related to the Petitioner Cape Cod Hospital's ("Employer's") decision to award electrophysiology training to Tanner Pulsifer.

7.     The collective bargaining agreement speaks for itself.  Admitted that this language is in the agreement.

8.     Admitted that a grievance was filed related to this matter, that The Employer denied the grievance, and that documents are attached to the complaint. Because the factual findings of the arbitrator are final and binding, the allegations of paragraph 8 of the complaint are irrelevant to the instant cause of action.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award; such findings as contained within the arbitration award speak for themselves.

9.     Admitted that the grievance referred to did proceed to an arbitration hearing on the dates indicated.  Without conceding their relevance, Defendant admits that sections of the transcript are attached to this petition.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award; such findings as contained within the arbitration award speak for themselves.

10.     Admitted.

11.     This paragraph contains legal argument to which no response is required. To the extent this paragraph contains factual allegations or statements of the Employer's arguments at arbitration, such allegations are irrelevant; without conceding their relevance, the Union denies all such allegations. Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award; such findings as contained within the arbitration award speak for themselves.

12.     This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations. Further answering, the collective bargaining agreement speaks for itself and to the extent the Employer has quoted from certain provisions from the CBA, those excerpts are incomplete but are otherwise quoted accurately.

13.     This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations. Further answering, the collective bargaining agreement speaks for itself and to the extent the Employer has quoted from certain provisions from the CBA, those excerpts are incomplete but are otherwise quoted accurately. Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue

submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

14.     This paragraph contains legal argument to which no response is required.  To the extent that there are factual allegations in this paragraph the Union denies all such allegations; the collective bargaining agreement speaks for itself.

15.     This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations or statements of the Union's arguments at arbitration, such allegations and statements are irrelevant; without conceding their relevance, the Union denies all such allegations and statements.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

16.     This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations or statements of the Employer's arguments at arbitration, such allegations are irrelevant; without conceding their relevance, such allegations and statements are denied.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

17.    This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations or statements of the Employer's arguments at arbitration, such allegations are irrelevant; without conceding their relevance, the Union denies all such allegations.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

18.    This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

19.    This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations, such allegations are irrelevant; without conceding their relevance, the Union denies all such allegations. Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

20.    This paragraph contains legal argument to which no response is required. To the extent this paragraph contains factual allegations or statements of the Employer's arguments at arbitration, such allegations are irrelevant; without conceding their relevance, the Union denies all such allegations.  Further

answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

21.     This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains a factual allegation, such allegation is irrelevant.  Without conceding its relevance, the Union responds that the effective date of the Training Fund is set by agreement between the parties, which speaks for itself.

22.     This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations, such allegations are irrelevant; without conceding their relevance, the Union denies all such allegations.  Further answering, the Career Ladders book speaks for itself.

23.     This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations, such allegations are irrelevant to this action.  Without conceding any relevance thereto, the Union admits it did not raise the instant dispute at Career Ladders and further answers that it filed a grievance under the parties' collective bargaining agreement, which resulted in the arbitration at issue in this case.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the

arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

24.     This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations, such allegations are irrelevant; without conceding their relevance, the Union denies all such allegations.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves..

25.     This paragraph contains legal argument to which no response is required.  To the extent this paragraph contains factual allegations, such allegations are irrelevant; without conceding their relevance, the Union denies all such allegations.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

26.     Admitted that the Arbitrator delivered an opinion dated July 11, 2011. Further answering, the Union denies that the quoted language is accurate in that the arbitrator did not refer to the Employer as "Petitioner," nor "Hospital seniority" as "Petitioner seniority."  The Union admits that the award reads,

> The Hospital violated the collective bargaining agreement
> by the manner in which it offered EP Training to Tanner
> Pulsifer.

The Union denies that the paragraph Petitioner purports to quote, standing

alone, "provided … the basis of his decision."  The Union admits that the

referenced paragraph reads,

> I conclude that the Hospital violated the Agreement by the
> manner in which it offered EP Training to Pulsifer. The
> Hospital selected Pulsifer from among those qualified employees
> who had expressed interest in EP training without having
> considered the relative Hospital seniority of all qualified,
> interested employees. To fail to treat the Hospital seniority
> of those qualified employees' who were competing for the EP
> training which the Hospital offered in the Cath Lab "as the
> primary determinant" for selection for that training is to
> violate the "premise" of the "career advancement system" which
> the parties established in their Career Ladder Program Book.

27.  This paragraph contains legal argument to which no response is required.  To

the extent this paragraph contains factual allegations and/or statements of the

Employer's arguments at arbitration, such allegations are irrelevant; without

conceding their relevance, the Union denies all such allegations.  Further

answering, the proper record in this action is restricted to the collective

bargaining agreement as a whole, the issue submitted by the parties, and the

arbitrator's award, and such findings as contained within the arbitration award

speak for themselves.

28.  This paragraph contains legal argument to which no response is required.  To

the extent this paragraph contains factual allegations and/or statements of the

Employer's arguments at arbitration, such allegations are irrelevant; without

conceding their relevance, the Union denies all such allegations.  Further

answering, the proper record in this action is restricted to the collective

bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

29.    Admitted that the Arbitrator delivered an opinion that, in part, contains the quoted language. Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted by the parties, and the arbitrator's award as a whole, and such findings as contained within the arbitration award speak for themselves.

## "APPLICABLE LEGAL STANDARD"

30.    This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

31.    This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

32.    This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

33.    This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

34.     This paragraph contains legal argument to which no response is required.  To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

35.     This paragraph contains legal argument to which no response is required.  To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

**"ISSUES PRESENTED"**

I.      This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

II.     This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

III.    This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

**"ARGUMENT"**

I.      This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

II.      This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

III.     This paragraph contains legal argument to which no response is required. To the extent that there are factual allegations in this paragraph the Union denies all such allegations.

## "ANALYSIS"

These six paragraphs contain legal argument to which no response is required. To the extent that there are factual allegations in these paragraphs the Union denies all such allegations.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

## "CONCLUSION"

This paragraph contains legal argument and request for relief to which no response is required.  To the extent that there are factual allegations in this paragraph the Union denies all such allegations.  Further answering, the proper record in this action is restricted to the collective bargaining agreement as a whole, the issue submitted, and the arbitrator's award, and such findings as contained within the arbitration award speak for themselves.

**AFFIRMATIVE DEFENSES**

1.  The Complaint/Petition does not allege a claim for which relief may be granted.

2.  The Arbitrator's Award responds to the issues submitted to the Arbitrator by the parties, draws its essence from the parties' collective bargaining agreement, and is consistent with applicable law.

**COUNTERCLAIM FOR CONFIRMATION OF
ARBITRATION AWARD**

1.  1199SEIU-United Healthcare Workers East and The Employer are parties to a collective bargaining agreement ("CBA" or "Agreement") that has been in effect at all times pertinent to this action.

2.  Article 16 of the Agreement provides for grievance and arbitration of any "controversy concerning the meaning or application of any provision of [the] Agreement," Section 16.2, and further provides, "the decision of the Arbitrator on any grievance submitted under this Article will be final and binding." Section 16.5.

3.  The parties' dispute over the Employer's award of Electrophysiology training to Tanner Pulsifer is a dispute arising under the terms of the CBA within the meaning of the contract's Grievance-Arbitration Article.

4.  Following exhaustion of the contractual grievance procedure, the Union duly submitted its grievance to arbitration, the parties selected Arbitrator James M. Litton to hear the matter, and the Employer stipulated to the following issues to be decided by Arbitrator Litton:

12

> Did the Hospital violate the collective bargaining agreement by the manner in which it offered EP Training to Tanner Pulsifer?
> If so, what shall be the remedy?

5.    In his Opinion and Award dated July 8, 2011, the Arbitrator answered the questions submitted by the parties as follows:

> The Hospital violated the collective bargaining agreement by the manner in which it offered EP Training to Tanner Pulsifer.
> The Hospital shall immediately offer EP training to [Grievant] Frye as the qualified EP training applicant with the most Hospital seniority.

6.    After the Award issued, the Employer submitted a request to the Arbitrator for "clarification, and if necessary, reconsideration of a portion" of the Award, which request the Union opposed. The Arbitrator declined the Employer's request.

7.    The Arbitrator's Award answers the questions submitted to the Arbitrator and is grounded in the parties' Agreement.

WHEREFORE, the Union asks this Court to dismiss the instant Petition in its entirety, enter judgment for the Union on its Counterclaim, and order the following relief:

1.    Confirm the Arbitrator's Award in its entirety;

2.    Order the Petitioner to implement the Arbitrator's Award;

3.    Order the Petitioner to pay the Union's reasonable costs and attorneys fees; and,

4.    Order such other and further relief as this Court deems just and proper.

13

Respectfully submitted,

1199SEIU UNITED HEALTHCARE
WORKERS EAST,

By its attorneys,

/s/ Betsy Ehrenberg
Betsy Ehrenberg, BBO# 554628
Ian Russell, BBO# 673387
Pyle Rome Ehrenberg PC
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200
behrenberg@pylerome.com
irussell@pylerome.com

Dated:  September 8, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document has been served upon counsel for the Cape Cod Hospital via the Court's electronic filing system, on September 8, 2011.

/s/ Betsy Ehrenberg
Betsy Ehrenberg